**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-5123**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CARROLL EDGAR BLEVINS,

Defendant - Appellant.

_____

**No. 06-5124**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CARROLL EDGAR BLEVINS,

Defendant - Appellant.

_____

**No. 06-5125**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CARROLL EDGAR BLEVINS,

Defendant - Appellant.

---

Appeals from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, Chief District Judge. (1:06-cr-00016-jpj; 1:95-cr-00030-jct; 1:96-cr-00009-jpj)

---

Submitted: May 25, 2007                    Decided:  July 5, 2007

---

Before NIEMEYER and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

David L. Harmon, Bristol, Virginia, for Appellant. John L. Brownlee, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Caroll Edgar Blevins pleaded guilty to two counts of distribution of methamphetamine in violation of 21 U.S.C §§ 841(a)(1), 851 (West 2000 & Supp. 2006), and was sentenced to 188 months of imprisonment. (No. 06-5123). At the time he committed the offenses, Blevins was serving two terms of supervised release for 1996 convictions. Based on the district court's finding that Blevins violated conditions of his release, the district court revoked Blevins' supervised release and imposed concurrent sentences of twenty-four months (No. 06-5124), and fifty-one months (No. 06-5125). On appeal, counsel filed an Anders[1] brief, certifying that there are no meritorious issues for appeal, but raising two sentencing issues: (1) whether Blevins' 1991 distribution conviction properly served as basis to classify him as a career offender, and (2) whether the court erred in denying Blevins' motion for a downward departure. Blevins has not filed a pro se brief although he has been advised of his right to do so. We affirm Blevins' convictions, supervised release revocations, and sentences.

In the Presentence Report (PSR), prepared for sentencing on the distribution charges, the probation officer classified Blevins as a career offender under U.S. Sentencing Guidelines Manual (USSG) § 4B1.1 (2005). Blevins' career offender status was

---

[1]Anders v. California, 386 U.S. 738 (1967).

based on a 1991 conviction for distribution of cocaine and his 1996 conviction for conspiracy to distribute methamphetamine. Based on a base offense level of thirty-four and a three-level adjustment for acceptance of responsibility under USSG § 3E1.1, Blevins' total offense level was thirty-one. With this offense level and a criminal history category of VI, Blevins' advisory sentencing range was 188 to 235 months of imprisonment.

At sentencing on the distribution counts, Blevins argued that the court should depart from the advisory sentencing guidelines range. The district denied the request and imposed a 188-month sentence. Also, upon its finding that Blevins violated the conditions of his supervised release, the court imposed an aggregate 51-month sentence, to be served consecutively to the sentence imposed on the distribution violations, for a total sentence of 239 months of imprisonment.

**Career Offender Status**

Pursuant to USSG § 4B1.1 (2005), a defendant is a career offender if "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). Blevins claims that the district court erred in

treating his 1991 conviction as a predicate offense for purposes of classifying him as a career offender because the interval between his August 6, 1991, guilty plea on the cocaine distribution charge and his August 16, 2006, guilty plea to the current charges, was greater than fifteen years.[2]  However, for the purpose of counting a defendant's prior felony convictions under § 4B1.1 (career offender provision), the guidelines direct a sentencing court to look to the provisions of § 4A1.2.  See USSG § 4B1.2. comment (n.3).  Under USSG § 4A1.2(e)(1), a sentence of imprisonment exceeding one year and one month is counted for purposes of criminal history calculations if the prior sentence was imposed within fifteen years of the current offense or if the prior sentence "resulted in the defendant being incarcerated during any part of the fifteen-year period."  In this case, Blevins was incarerated pursuant to the 1991 distribution conviction until September 24, 1993 and his present offenses occurred in October and December of 2005.  Therefore, because the sentence imposed on Blevins' 1991 conviction extended into the fifteen-year period preceding the instant offense, the 1991 conviction properly served a basis for the career offender enhancement.

---

[2]While Blevins uses his 2006 guilty plea date for purposes of calculating the fifteen-year window, USSG 4A1.2(e) refers to the "commencement of the instant offense."  In this case, the offenses occurred on October 25, 2005, and December 15, 2005.

**Downward Departure**

Counsel also argues that the district court should have granted his motion for a downward departure based on the relatively small quantity of drugs involved in the offenses and also because application of the enhancement had an unwarranted Draconian effect.[3] This court lacks the authority to review the denial of a motion for a downward departure unless the district court mistakenly believed it lacked the power to depart. United States v. Cooper, 437 F.3d 324, 333 (3d Cir. 2006) (collecting cases from five circuits discussing rule post-Booker); United States v. Quinn, 359 F.3d 666 , 682 (4th Cir. 2004) (citing United States v. Bayerle, 898 F.2d 28, 30 (4th Cir. 1990), and stating rule in this Circuit pre-Booker). Here, the district court did not express any doubt about its ability to depart from the guideline—indeed, the court considered these very arguments as to why a downward departure was appropriate and denied the request. This claim is, therefore, unreviewable.

In accordance with Anders, we have thoroughly examined the entire record for any potentially meritorious issues and have found none. Accordingly, we affirm Blevins' convictions and sentence. This court requires that counsel inform Blevins, in writing, of his right to petition the Supreme Court of the United States for further review. If Blevins requests that a petition be

---

[3]In the absence of the career offender provisions, Blevins would have had an advisory guidelines range of eighteen to twenty-four months of imprisonment on the methamphetamine distribution conviction.

filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Blevins. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED